**Katherine A. SILVEY and Elmer R. Silvey, Plaintiffs-Appellants,**

v.

**NIELSEN CORPORATION, an Oregon corporation, and Leo Nielsen, Defendants-Appellees.**

**Katherine A. SILVEY and Elmer R. Silvey, Plaintiffs-Appellants,**

v.

**Ed ELMER and Thomas J. Patterson, Defendants-Appellees.**

**Katherine A. SILVEY and Elmer R. Silvey, Plaintiffs-Appellants,**

v.

**Floyd A. ARNESON, Defendant-Appellee.**

**No. 26119.**

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1971.

Lamar Tooze (argued), of Tooze, Powers, Kerr, Tooze & Peterson, Eugene M. Eckelman, Buckhorn, Blore, Klarquist & Sparkman, Portland, Or., for plaintiffs-appellants.

J. Pierre Kolisch (argued), of Kolisch & Hartwell, Portland, Or., for defendants-appellees.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellants filed three separate complaints against appellees for alleged infringement of its Silvey Patent No. 3,349,645. The actions were consolidated for the purpose of trying the threshold issue of the validity of the Silvey patent. The district court held that the Silvey patent was invalid for "obviousness" [35 U.S.C. § 103] and, in the alternative, was also invalid for "vagueness" [35 U.S.C. § 112]. Appellants contend that the court's findings are clearly erroneous. We affirm, but do not reach the "vagueness" issue.

*Discussion*

The device described by the specifications in the Silvey patent is a "chisel-chain saw sharpener", used by professional loggers to restore the keen edge to chisel-chain saws. The alleged invention of the Silvey patent is its *built-in* means for producing two separate relative motions between the grinding wheel and the chain. The professed virtue of this "double relative motion" is that it effectively sharpens chisel-chain without "rounding" the corners on the grinding wheel. Other chisel-chain sharpeners were not designed to perform in this

manner, but similar relative movement was obtained on other machines by manual manipulations by the operator.

The district court found that the prior art of chisel-chain saw sharpeners [McEwan Patent No. 3,006,222 and Nielsen Patent No. 2,811,873; both cited by the Patent Office] reflected features and techniques that rendered appellants' device "obvious" to a person skilled in the art at the time of the alleged invention. We conclude that the court defined the pertinent prior art too narrowly.

Although its specifications and drawings describe only a chisel-chain sharpener, the *claims* of the Silvey patent are not so limited. Furthermore, there is evidence that, during the prosecution of the Silvey patent, representations were made to the Patent Office that the invention could also be used to sharpen "chipper-chain" saws. The prior art in the area of "chipper-chain" saw sharpeners clearly discloses devices with *built-in* relative movement between the grinding wheel and the chain.

This prior art was introduced at the trial in the form of patents, to-wit, Le Grand Patent No. 2,704,948; Rogers Patent No. 2,793,544, Deck Patent No. 3,013,448 and Stihl Patent No. 2,217,145. None of these patents were cited to the Patent Office. Le Grand in particular anticipates appellant's patents. It demonstrates a motor connected to a grinding wheel, "123" (figure on patent drawing), which is movable in relation to the surface to be ground. The grinding wheel moves reciprocally in and out of the gullet of a tooth. Le Grand also shows in "97" a means by which the grinding wheel may be moved laterally into engagement with the element to be ground. It is true that the Le Grand patent shows a different type of grinding stone, but it is obvious that the type of grinding stone used in Silvey could be placed on the mechanism of the motor turning the grinding stone, and the motor and grinder reoriented to accomplish the sharpening of the cutter blades.

We conclude that the district court was correct in holding the Silvey patent invalid for obviousness under 35 U.S.C. § 103, and also that the Silvey patent was clearly anticipated by Le Grand 2,704,948. The features of the Silvey patent were present in or anticipated by the existing prior art of chisel and chipper chain saw sharpeners.

Affirmed.